**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

YOUNG AMERICA'S FOUNDATION

     Plaintiff,

v.

Case No.: _____

MATTHEW SITMAN, an individual; SAM
ADLER-BELL, an individual;
FOUNDATION FOR THE STUDY OF
INDEPENDENT SOCIAL IDEAS, INC.; and
DISSENT PUBLISHING CORPORATION
(aka DISSENT MAGAZINE)

     Defendants

## VERIFIED COMPLAINT

Plaintiff, YOUNG AMERICA'S FOUNDATION ("Plaintiff"), by and through its undersigned attorneys, files its Complaint against Defendants MATTHEW SITMAN, an individual; SAM ADLER-BELL, an individual; FOUNDATION FOR THE STUDY OF INDEPENDENT SOCIAL IDEAS, INC.; and DISSENT PUBLISHING CORPORATION (also known as DISSENT MAGAZINE) (collectively "Defendants"), and alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.    This is an action for federal trademark infringement and federal trademark counterfeiting of Plaintiff's federally registered marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, false designation of origin under section 43 of the Lanham Act, 15 U.S.C. § 1125(A)(1)(a), false advertising under section 43 of the Lanham Act, 15 U.S.C. § 1125(A)(1)(b), unfair competition under Virginia Stat. Ann. § 59.1-196 et seq., trademark infringement under the common law of Virginia and unfair competition under the common law of Virginia.

1

2.      Plaintiff seeks injunctive and monetary relief for Defendants' infringement of Plaintiff's federally-registered trademarks arising from Defendants' unauthorized use of Plaintiff's trademarks in connection with the distribution, marketing, advertising, promotion, offering for sale, and sale of Defendants' goods and services in commerce.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant DISSENT PUBLISHING CORPORATION (also known as and doing business as DISSENT MAGAZINE, hereinafter referred to as "Dissent Magazine") and Defendant FOUNDATION FOR THE STUDY OF INDEPENDENT SOCIAL IDEAS, INC. (hereinafter referred to as "Foundation") as they maintain a website and operate the national KNOW YOUR ENEMY podcast (hereinafter referred to as the "Podcast"), both of which can be, and are, accessed by individuals in Virginia.

5.      This Court has personal jurisdiction over Defendant MATTHEW SITMAN (hereinafter referred to as "Sitman") and Defendant SAM ADLER-BELL (hereinafter referred to as "Adler-Bell") as they operate the national Podcast which can be, and is, accessed by individuals in Virginia.

6.      The Podcast is featured on the website operated by Defendant Dissent Magazine and Defendant Foundation, which can be accessed at https://www.dissentmagazine.org (hereinafter referred to as the "Dissent Website").[1]

---

[1] The Podcast can also be accessed at https://www.patreon.com/knowyourenemy.

7.      Defendants, through the Podcast and Dissent Website, publish and disseminate stories, interviews, and reports which are specifically directed to matters pertaining to politics and events in the Commonwealth of Virginia.

8.      The Defendants' Podcast and Dissent Website have included interviews with residents of Virginia directed to issues affecting persons in Virginia.

9.      The domain through which the Dissent Website and Podcast are available on the Internet relies upon a registrar which is based in Virginia.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim and injury occurred in this district.

## PARTIES

11.     Plaintiff is a domestic nonstock corporation with its principal place of business in Reston, Virginia, that engages in the business of youth education and outreach.

12.     Upon information and belief, Defendant Sitman is a resident of New York, New York.

13.     Upon information and belief, Defendant Adler-Bell is a resident of Brooklyn, New York.

14.     Upon information and belief, Defendant Sitman and Defendant Adler-Bell are co-hosts of the Podcast.

15.     Upon information and belief, Defendant Sitman and Defendant Adler-Bell founded the Podcast and began publishing episodes in 2019.

16.     Defendant Sitman and Defendant Adler-Bell describe the content of the Podcast as a "leftist's guide to the conservative movement."

17.     Upon information and belief, the Podcast is streamed on Patreon, Apple, Spotify, and other streaming services.

3

18.     Upon information and belief, the Podcast is streamed nation-wide, including but not limited to Virginia, and Defendants conduct business in Virginia in an effort to obtain Podcast memberships and maintain Podcast subscriptions.

19.     Upon information and belief, Defendant Dissent Magazine, which is headquartered in New York, New York, sponsors and hosts the Podcast.

20.     Upon information and belief, Defendant Foundation is a 501(c)(3) organization which is headquartered in New York, New York.

21.     Upon information and belief, Defendant Foundation is the publisher of Defendant Dissent Magazine.

22.     Upon information and belief, Defendant Sitman is on the editorial board for Defendant Dissent Magazine.

23.     Upon information and belief, Defendant Adler-Bell is a writer for Defendant Dissent Magazine.

## FACTS

**Plaintiff and its Trademarks**

24.     Plaintiff is the owner by assignment of valid and subsisting United States Trademark Registration No. 2,609,307 on the Principal Register in the United States Patent and Trademark Office for the trademark "YOUNG AMERICANS FOR FREEDOM" for indicating membership in a conservative youth organization to further the purposes and goals of the organization, which has been deemed incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065 (hereinafter "YOUNG AMERICANS FOR FREEDOM Mark"). Attached as **Exhibit "A"** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark

Registration No. 2,609,307, which was issued by the United States Patent and Trademark Office on August 20, 2002.

25.     Plaintiff and its predecessor have used the YOUNG AMERICANS FOR FREEDOM Mark in commerce throughout the United States continuously since at least September 11, 1960 in connection with indicating membership in a conservative youth organization to further the purposes and goals of the organization.

26.     As a result of its widespread, continuous, and exclusive use of the YOUNG AMERICANS FOR FREEDOM Mark, Plaintiff owns valid and subsisting federal statutory and common law rights to the YOUNG AMERICANS FOR FREEDOM Mark.

27.     Plaintiff's YOUNG AMERICANS FOR FREEDOM Mark is distinctive to both the consuming public and Plaintiff's trade, and Plaintiff has expended substantial time, money, and resources marketing and promoting its membership services under the mark.

28.     Plaintiff is the owner by assignment of valid and subsisting United States Trademark Registration No. 2,634,488 on the Principal Register in the United States Patent and Trademark Office for the trademark "YAF" for indicating membership in a conservative youth organization, which has been deemed incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065 (hereinafter "YAF Mark"). Attached as **Exhibit "B"** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 2,634,488, which was issued by the United States Patent and Trademark Office on October 15, 2002.

29.     Plaintiff, and its predecessor, have used the YAF Mark in commerce throughout the United States continuously since at least September 11, 1960 in connection with indicating membership in a conservative youth organization to further the purposes and goals of the organization.

30.     As a result of its widespread, continuous, and exclusive use of the YAF Mark, Plaintiff owns valid and subsisting federal statutory and common law rights to the YAF Mark.

31.     Plaintiff's YAF Mark is distinctive to both the consuming public and Plaintiff's trade, and Plaintiff has expended substantial time, money, and resources marketing and promoting its membership services under the mark.

32.     Plaintiff's YOUNG AMERICANS FOR FREEDOM Mark and YAF Mark are collectively referred to herein as "Plaintiff's Marks."

**Defendants' Unlawful Activities**

33.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff and its predecessor acquired protectable exclusive rights in Plaintiff's Marks, Defendants Sitman, Adler-Bell, Dissent Magazine, and Foundation (collectively "Defendants") adopted and began using the Infringing Marks in connection with the Podcast, as defined *infra*, in United States commerce.

34.     The Podcast's Patreon profile lists three types of memberships for Podcast members interested in accessing more content beyond the material provided on other streaming services. Attached as **Exhibit "C"** is a true and correct copy of the Podcast's Patreon profile.

35.     The Podcast's lowest membership tier is titled "Young Americans for Freedom" and the Podcast refers to members of this tier as "YAF" members (hereinafter referred to as the "Infringing Marks").

36.     To join the "Young Americans for Freedom" membership tier, consumers pay $5.00 per month and in exchange receive access to Patreon-only bonus episodes, and the middle tier membership entitled "West Coast Straussians" costs consumers $10.00 per month.

37.     The Podcast's Patreon profile description of the middle tier membership level states that consumers receive "All YAF tier benefits plus…" and proceeds to list off additional benefits, to include a digital subscription to Defendant Dissent Magazine.

38.     Upon information and belief, Defendant Sitman and Defendant Adler-Bell, as co-hosts and founders of the Podcast, exercise dominion and control of the content of the Podcast, including but not limited to the use of the Infringing Marks.

39.     Upon information and belief, Defendant Dissent Magazine, as a sponsor, publisher, and host of the Podcast, actively participates in the use of the Infringing Marks.

40.     Defendant Foundation, as the publisher of Defendant Dissent Magazine, actively participates in the use of the Infringing Marks.

41.     Defendants' actions are willful, as Defendants are well known in the field of political commentary and fundraising, and the Podcast's subject is the same, that Defendants have knowledge of Plaintiff's senior rights and usage of Plaintiff's Marks.

**Prior Action**

42.     On February 24, 2023, Plaintiff filed an action against Defendants in the United States District Court for the Eastern District of Virginia styled *Young America's Foundation v. Matthew Sitman, Sam Adler-Bell, Foundation For The Study Of Independent Social Ideas, Inc. and Dissent Publishing Corporation*, Case No. 1:23-cv-00253 ("the 2023 Action") raising claims of trademark infringement and unfair competition based on Defendants' unauthorized use of Plaintiff's Marks in connection with the Podcast.

43.     Plaintiff voluntarily dismissed the 2023 Action on July 17, 2023, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

44.     Having appeared in the 2023 Action, all defendants acquired actual knowledge of Plaintiff's Marks, and the nature of Defendants' infringing conduct.

45.     The operative facts giving rise to the 2023 Action are the same operative facts giving rise to the instant action as despite having actual knowledge of Plaintiff's Marks and rights, Defendants continued their infringing conduct after the voluntary dismissal of the 2023 Action.

46.     Defendants' continued infringement after acquiring actual notice of Plaintiff's rights constitutes intentional infringement.

**COUNT ONE**

**Federal Trademark Infringement of The YAF Mark Under 15 U.S.C. § 1114**

47.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-46.

48.     Plaintiff is the owner by assignment of the YAF Mark.

49.     Defendants use the infringing mark "YAF" as an acronym for the Podcast's lowest Patreon membership tier "Young Americans for Freedom." See, **Exhibit "C"**.

50.     Defendants' use of the infringing mark "YAF" is not authorized by Plaintiff.

51.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Podcast's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Podcast's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

52.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's YAF Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's membership services to the Defendants and the Podcast.

8

53.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT TWO

### Federal Trademark Infringement of the YOUNG AMERICANS FOR FREEDOM Mark Under 15 U.S.C. § 1114

54.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs 1-46.

55.     Plaintiff is the owner by assignment of the YOUNG AMERICANS FOR FREEDOM Mark.

56.     Defendants use the infringing mark "Young Americans for Freedom" as the title of the Podcast's lowest Patreon membership tier on its profile. See, **Exhibit "C"**.

57.     Defendants' use of the infringing mark "Young Americans for Freedom" is not authorized by Plaintiff.

58.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Podcast's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Podcast's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

59.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's YOUNG AMERICANS FOR FREEDOM Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's membership services to the Defendants and the Podcast.

60.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT THREE

### Trademark Counterfeiting
### of the YAF Mark Under 15 U.S.C. § 1114(1)(a)

61.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-46 and 47-53.

62.     Defendants' infringing mark "YAF" is identical to Plaintiff's YAF Mark.

63.     Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

64.     Defendants have intentionally used the infringing "YAF" mark with knowledge that the mark is a counterfeit mark, as the term is defined in 15 U.S.C. § 1116, in connection with the sale, offering for sale, or distribution of goods or services in commerce.

65.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT FOUR

### Trademark Counterfeiting of the YOUNG AMERICANS FOR FREEDOM Mark
### Under 15 U.S.C. § 1114(1)(a)

66.     Plaintiff repeats and re-alleges the allegations set forth in the paragraphs 1-46 and 54-60.

67.     Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

68.     Defendants have intentionally used the infringing "Young Americans for Freedom" mark with knowledge that the mark is a counterfeit mark, as the term is defined in 15 U.S.C. §

1116, in connection with the sale, offering for sale, or distribution of goods or services in commerce.

69.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT FIVE

### False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

70.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-69.

71.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the affiliation, connection, or association of Defendants with Plaintiff within the meaning of 15 U.S.C. § 1125(a).

72.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the origin, sponsorship or approval of the Podcast and Defendants' other commercial activities by Plaintiff within the meaning of 15 U.S.C. § 1125(a).

73.     Defendants' infringing acts as alleged herein jeopardize the goodwill Plaintiff and its predecessor in the YAF mark, causing serious and irreparable injury to Plaintiff for which there is no adequate legal remedy.

74.     Defendants' infringing acts as alleged herein constitute false designation of origin in connection with services provided in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT SIX

### False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

75.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-69.

76.     By appropriating Plaintiff's Marks for use in interstate commerce as a means of source identification for a membership tier for Defendants' Podcast, Defendants have attempted to confuse consumers into falsely believing that Plaintiff is in collaboration with Defendants or otherwise permits use of Plaintiff's Marks by Defendant when it has not.

77.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Podcast's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Podcast's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

78.     Defendants' infringing acts as alleged herein jeopardize the goodwill of Plaintiff and its predecessor in the YAF mark, causing serious and irreparable injury to Plaintiff for which there is no adequate legal remedy.

## COUNT SEVEN

### Unfair Competition Under
### Virginia Stat. Ann. § 59.1-196 et seq.

79.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-78.

80.     Defendants' infringing actions as alleged herein, are likely to cause consumer confusion, or to cause mistake, or to deceive as to the source, sponsorship, approval, affiliation, connection, and/or association of Defendants, their products or services, and/or their commercial activities by or with Plaintiff, and thus constitute deception, fraud, and misrepresentation in

connection with a consumer transaction under the Virginia Consumer Protection Act, Virginia Stat. Ann. § 59.1-196, et seq.

81.     As a direct and proximate result of Defendants' acts of trademark infringement, false designation of origin and false advertising, Plaintiff has suffered irreparable damages to its business, reputation and goodwill for which Plaintiff has no adequate remedy at law.

**COUNT EIGHT**

**Trademark Infringement under Virginia Common Law**

82.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-46.

83.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Podcast's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Podcast's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

84.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's membership services to the Defendants and the Podcast.

85.     Defendants' acts complained of herein have caused actual consumer confusion as to whether Defendant and/or its services are in some way sponsored by, connected to, or affiliated with Plaintiff.

86.      Defendants' infringing acts as alleged herein are willful and have been done with the intention of trading upon the valuable goodwill built up by Plaintiff and its predecessor in Plaintiff's Marks.

87.     Defendants continued unauthorized use of Plaintiff's' Marks in interstate commerce on the Podcast Patreon profile jeopardizes the goodwill symbolized by the YAF and YOUNG AMERICANS FOR FREEDOM marks, causing serious, and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

88.     Defendants' acts complained of herein constitute infringement of Plaintiff's rights in the YAF and YOUNG AMERICANS FOR FREEDOM marks.

## COUNT NINE

### Unfair Competition under Virginia Common Law

89.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-78.

90.     Defendants' unauthorized use of the YAF Mark and YOUNG AMERICANS FOR FREEDOM Mark in connection with the sale, offering for sale, distribution, and advertising of its services is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, manufacture, origin, distribution or approval of the Defendants' and Podcast's services.

91.     Defendants' unauthorized use of the YAF Mark and YOUNG AMERICANS FOR FREEDOM Mark constitutes common law unfair competition.  As a result of such violation, the Defendants have caused damage to the Plaintiff, and Plaintiff is entitled to all proper relief.

## INJUNCTION

92.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-86.

93.     As a result of Defendants' acts, Plaintiff has and will continue to sustain great and irreparable injury.

94.     Defendants' conduct has caused immediate and irreparable harm to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.

95.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, treble damages, statutory damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable by right of jury.

WHEREFORE, Plaintiff requests judgment against all Defendants on each and every claim for relief set forth above and an award of relief as follows:

a) A preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

(i) from causing likelihood of confusion, or causing mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff of the Infringing Marks, or as to the origin, sponsorship, or approval of its goods or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the Infringing Marks, or Plaintiff's forms of advertisement;

(ii) from directly or indirectly falsely designating or representing that any services are authorized, approved, associated with, or originating from, Plaintiff;

(iii) from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

15

(iv) from utilizing the Infringing Marks or any confusingly similar variant in any shape or manner;

(v) from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

(vi) to destroy or cause to be destroyed all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the Infringing Marks or any confusingly similar variant;

(vii) to notify their direct customers, agents, and representatives that the Infringing Marks or any confusingly similar variant are not connected with Plaintiff;

(viii) to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with; and for:

b) Restitution and disgorgement;

c) Damages, pursuant to 15 U.S.C. § 1117(a), 15 U.S.C. § 1117(b), 15 U.S.C. § 1117(c) and 15 U.S.C. § 1117(d) including but not limited to statutory and treble damages, in an amount to be determined at trial;

d) Damages for unfair competition under Virginia Stat. Ann. § 59.1-196 et seq. and  for trademark infringement and unfair competition under Virginia common law, in an amount to be determined at trial ;

e) Defendants' profits from any and all sales derived during all periods of wrongful use of the Infringing Marks;

f) A finding that Defendants' infringement is willful and a determination that this case is exceptional;

g) Punitive damages to the full extent available under the law;

h) Attorneys' fees pursuant to statute;

i) Prejudgment interest;

j) The transfer to Plaintiff of any and all internet domains and social media accounts incorporating the Infringing Marks; and

k) Such other interlocutory and permanent relief as this court may deem appropriate.

Dated: May 31, 2024

Respectfully submitted,

/s/ Jeffrey R. Adams
Jeffrey R. Adams
Virginia Bar No. 43411
Lauren R. Darden
Virginia Bar No. 72867
**WHARTON ALDHIZER & WEAVER, PLC**
125 South Augusta Street, Suite 2000
Staunton, Virginia 24401
Phone: (540) 434-0316
Fax: (540) 213-0390
jadams@wawlaw.com
ldarden@wawlaw.com
**Attorney for Plaintiff**

/s/ Mark F. Warzecha
Mark F. Warzecha
Florida Bar No. 0095779
Mark A. Nieds
Florida Bar No. 0114940
Tiffany A. Jones
Florida Bar No.1025499
**WIDERMAN MALEK, PL**
1990 West New Haven Ave., Suite 201
Melbourne, FL 32904
Phone: (321) 255-2332
Fax: (321) 255-2351
MFW@USLegalTeam.com
MNieds@USLegalTeam.com
TJones@USLegalTeam.com
**Attorneys for Plaintiff**
**Pro Hac Vice Applications Forthcoming**

## VERIFICATION

STATE OF _Virginia_

COUNTY OF _Fairfax_

Victor Bernson, being duly sworn, deposes and says:

1. I am the Vice President & General Counsel of Young America's Foundation.
2. I have read the foregoing Complaint and its factual contents are true to my personal knowledge, except as to those matters alleged therein to be upon information and belief, and as to those matters, I believe them to be true.

Victor Bernson as Vice President &
General Counsel of Young
America's Foundation.

Sworn to before me this _9th_ day of _May_ , 2024

Notary Public

18